NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

JERRELL WRIGHT, :
: Civ. No. 19-14161 (RMB)
    Petitioner :
: **OPINION**
    v. :
:
DAVID ORTIZ, :
:
    Respondent :
:

---

BUMB, United States District Judge

    This matter comes before the Court upon Petitioner Jerrell Wright's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet., Dkt. No. 1.) Petitioner was a prisoner confined in the Federal Correctional Institution in Fairton, New Jersey, when he filed this habeas petition challenging his conviction and sentence, based on the Supreme Court decision in Mathis v. United States, 126 S. Ct. 2243 (2016), and two cases by the Second Circuit Court of Appeals, Harbin v. Sessions, 860 F.3d 58 (2nd Cir. 2017) and United States v. Townsend, 897 F.3d 66 (2nd Cir. 2018). (Mem. in Supp. of Pet. at 3-4, Dkt. No. 1-1.) Respondent filed a motion to dismiss for lack of jurisdiction. (Mot. to Dismiss, Dkt. No. 7.) Although Petitioner indicated his intention to file a reply brief (Mot., Dkt. No. 8), the Court has not received a reply from Petitioner. As discussed below, Petitioner's sentencing court has subsequently granted his motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A), and reduced his sentence to time served. Therefore, the Court will direct the parties to submit supplemental briefs, addressing whether the habeas petition is moot.

I.   BACKGROUND

In January 2012, Petitioner was indicted in the United States District Court for the Northern District of New York ("N.D.N.Y.") on two counts of narcotics trafficking, Count 1 for conspiracy to distribute more than 280 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and Count 2 for conspiracy to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. United States v. Wright, 12-CR-00014-1 (N.D.N.Y. Jan. 18, 2012) (Indictment, Dkt. No. 1.)[1] Petitioner was facing a mandatory minimum life sentence. United States v. Wright, 12-CR-00014-1 (N.D.N.Y. Apr. 4, 2014) (Letter Motion, Dkt. No. 307; Letter Response, Dkt. No. 308.)

On July 28, 2014, the United States opened a new criminal matter against Petitioner in the N.D.N.Y., and Petitioner waived his right to indictment and agreed to prosecution by criminal information. United States v. Wright, 14-CR-00281 (N.D.N.Y. July 28, 2014) (Dkt. Nos. 1-3.) Petitioner pled guilty to the

---

[1] Available on the Public Access to Court Electronic Records ("PACER") at www.pacer.gov.

2

Information. United States v. Wright, 14-CR-00281 (N.D.N.Y. July 28, 2014) (Plea Agreement, Dkt. No. 3.) In connection with this new criminal matter, the United States filed a Special Information in Criminal Action No. 12-00014-1, pursuant to 21 U.S.C. § 851, stating that Petitioner had a 1996 conviction for "Criminal Sale of a Controlled Substance in the Fifth Degree, a felony drug offense, in violation of Section 220.31, of the Penal Law of the State of New York." United States v. Wright, 12-CR-00014-1 (N.D.N.Y. July 28, 2014) (Information, Dkt. No. 325.)

As a result of the new criminal matter and the Information filed in Criminal Action No. 12-00014-1: (1) Petitioner pleaded guilty to one count of conspiracy to distribute more than 280 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, subjecting him to penalties under 21 U.S.C. § 841(b)(1)(A); (2) the United States agreed to dismiss the two drug trafficking charges against Petitioner in 12-CR-00014-1 and not to prosecute any additional charges arising from the same events. United States v. Wright, 14-CR-00281 (N.D.N.Y. July 28, 2014) (Plea Agreement ¶¶1-2, Dkt. No. 3.) In the Plea Agreement, Petitioner acknowledged that he faced a maximum sentence of life and a possible mandatory minimum sentence of 20 years pursuant to 21 U.S.C. § 841(b)(1)(A), because he had a prior 1996 felony drug conviction. (Id., ¶¶3-5.) For sentencing, Petitioner and the United States agreed that (1) Petitioner was personally responsible for at least 850 grams, but

less than 2.8 kg, of cocaine base; (2) his offense level for this amount under the United States Sentencing Guidelines ("U.S.S.G.") was 34; (3) the United States would recommend a "2-level downward adjustment to the applicable [U.S.S.G.] offense level" for acceptance of responsibility; and (4) the United States would recommend a "1-level downward adjustment to the applicable [U.S.S.G.] offense level" for Petitioner's cooperation. (Id., ¶6.) Petitioner agreed to waive appeal and collateral attacks on his conviction and any sentence of 240 months or below, except with respect to a claim of ineffective assistance of counsel. (Id., ¶7.) He also agreed to waive any later attack on his admission of the prior 1996 drug felony supporting any sentence enhancement under 21 U.S.C. § 851. (Id., § E(c), ¶5(b).)

The sentencing court imposed a sentence of 240 months imprisonment on the single-count criminal information, falling within the waiver of appeal and collateral attack provision of the Plea Agreement. (Id., ¶7.) United States v. Wright, 14-CR-00281 (N.D.N.Y. July 28, 2014) (Judgment, Dkt. No. 12.) The sentencing court noted that it had no discretion to impose a sentence below 240 months, a statutory mandatory minimum. United States v. Wright, 14-CR-00281 (N.D.N.Y. July 28, 2014) (Sentencing Tr. at 5-6, Dkt. No. 14.)

On May 12, 2017, Petitioner filed a petition for habeas corpus under 28 U.S.C. § 2241 in this Court, challenging the 21

4

U.S.C. § 851 Criminal Information. Wright v. Hartunian, 17-cv-737-RMB (D.N.J. May 28, 2017) (Pet., Dkt. No. 1.) This Court transferred the matter to the sentencing court for consideration under 28 U.S.C. § 2255. Wright v. Hartunian, 17-cv-737-RMB (D.N.J. July 6, 2017) (Order, Dkt. No. 3.) Petitioner ultimately dismissed the challenge voluntarily. United States v. Wright, 14-CR-00281 (N.D.N.Y. Aug. 29, 2014) (Order, Dkt. No. 19.)

On October 5, 2018, Petitioner filed a motion for relief under 28 U.S.C. § 2255 in his sentencing court, attacking his sentence. United States v. Wright, 14-CR-00281 (N.D.N.Y. October 5, 2018) (2255 Mot., Dkt. No. 20.) The sentencing court dismissed the § 2255 motion as untimely, and also noted Petitioner's waiver of rights to challenge his conviction and sentence under 28 U.S.C. § 2241 and § 2255. United States v. Wright, 14-CR-00281 (N.D.N.Y. May 8, 2019) (Order, Dkt. No. 26.) Shortly after that order issued, Petitioner filed the instant petition on June 24, 2019. (Pet., Dkt. No. 1.)

On May 20, 2020, while the instant petition was pending, Petitioner filed, in his sentencing court, an "Emergency Motion for Compassionate Release Due to COVID-19 Outbreak in the Federal Bureau of Prisons (FBOP)," pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). United States v. Wright, 14-CR-00281 (N.D.N.Y. May 20, 2020) (Mot., Dkt. No. 29.) The compassionate release motion was granted on July 28, 2020, and Petitioner's sentence

5

was reduced to time served. (United States v. Wright, 14-CR-00281 (N.D.N.Y. July 28, 2020.) (Mot., Dkt. No. 29; Order, Dkt. No. 39.) The sentencing court ordered the Bureau of Prisons to release Petitioner no later than July 31, 2020, and that Petitioner comply with the terms and conditions of supervised release that the Court previously imposed at sentencing. (Id.)

II.  DISCUSSION

Article III of the Constitution permits a federal court to adjudicate "'only actual, ongoing cases or controversies.'" Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). The case or controversy requirement requires the parties to have a personal stake in the outcome throughout the judicial proceedings. Id. (quoting Lewis, 494 U.S. at 477–478)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Id. (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477.)) "Incarceration satisfies the case or controversy requirement[;]" "[o]nce a sentence has expired, however, some continuing injury, also referred to as a collateral consequence, must exist for the action to continue. Burkey, 556 F.3d at 147. When a petitioner "is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven." Id. at 148

(citing United States v. Cottman, 142 F.3d 160, 165 (3d Cir. 1998).

After filing the instant petition, Petitioner's sentence was reduced to time served and Petitioner was released from BOP custody, subject to the terms of supervised release in his sentence imposed by the N.D.N.Y. If Petitioner wishes to proceed with his habeas petition, he must prove that collateral consequences exist and are likely to be redressed by a favorable judicial decision.

III. CONCLUSION

For the reasons discussed above, the Court will administratively terminate Respondent's motion to dismiss, pending the parties' supplemental briefing on whether the petition for writ of habeas corpus is moot.

An appropriate Order follows.


Date:   January 12, 2021

                          s/Renée Marie Bumb
                          **RENÉE MARIE BUMB**
                          **UNITED STATES DISTRICT JUDGE**

7