<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JERRELL WRIGHT, | : |
|     Petitioner | : Civ. No. 19-14161 (RMB) |
| v. | : **OPINION** |
| DAVID ORTIZ, | : |
|     Respondent | : |

BUMB, United States District Judge

    This matter comes before the Court upon Petitioner Jerrell Wright's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet., Dkt. No. 1.) Petitioner was a prisoner confined in the Federal Correctional Institution in Fairton, New Jersey when he filed his habeas petition on June 24, 2019, challenging his sentence based on the Supreme Court decision in <u>Mathis v. United States</u>, 126 S. Ct. 2243 (2016), and two cases by the Second Circuit Court of Appeals, <u>Harbin v. Sessions</u>, 860 F.3d 58 (2nd Cir. 2017) and <u>United States v. Townsend</u>, 897 F.3d 66 (2nd Cir. 2018). (Mem. in Supp. of Pet. at 3-4, Dkt. No. 1-1.) Respondent filed a motion to dismiss for lack of jurisdiction. (Mot. to Dismiss, Dkt. No. 7.) Although Petitioner indicated his intention to file a reply brief (Mot., Dkt. No. 8), the Court did not receive a reply from Petitioner.

    Petitioner's sentencing court subsequently granted his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), and reduced his sentence to "time served." United States v. Wright, 14-CR-00281 (N.D.N.Y. July 28, 2020.) (Mot., Dkt. No. 29; Order, Dkt. No. 39.) The Court ordered the parties to submit supplemental briefs on whether the petition is moot. (Order, Dkt. No. 11.) Respondent submitted a brief and contends the petition was mooted upon reduction of Petitioner's sentence to "time served" and his release from prison. (Letter Brief, Dkt. No. 13.) A copy of this Court's Order for supplemental briefing was sent to Petitioner at his last known address, but it was returned to the Court as undeliverable. (Dkt. No. 12.)

Article III of the Constitution permits a federal court to adjudicate "'only actual, ongoing cases or controversies.'" Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). The case or controversy requirement requires the parties to have a personal stake in the outcome throughout the judicial proceedings. Id. (quoting Lewis, 494 U.S. at 477-478)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Id. (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477.)) "Incarceration satisfies the case or controversy requirement[;]" "[o]nce a sentence has expired, however, some continuing injury,

also referred to as a collateral consequence, must exist for the action to continue. Burkey, 556 F.3d at 147. When a petitioner "is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven." Id. at 148 (citing United States v. Cottman, 142 F.3d 160, 165 (3d Cir. 1998).

Respondent submits that Petitioner challenged only his sentence and because he was released after the sentencing court reduced his sentence to "time served," the petition is moot. (Letter Brief, Dkt. No. 13.) Petitioner has not met his burden to establish a continuing injury that can be redressed by issuance of a writ of habeas corpus. Therefore, the Court finds that the petition is moot.

III. CONCLUSION

For the reasons discussed above, the Court will dismiss the petition for writ of habeas corpus under 28 U.S.C. § 2241 as moot.

An appropriate Order follows.

Date: **March 25, 2021**

                               s/Renée Marie Bumb
                               **RENÉE MARIE BUMB**
                               **UNITED STATES DISTRICT JUDGE**